UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY KING,<br><br>          Plaintiff,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>          Defendants. | Case No. 4:20-cv-06887-KAW<br><br>**ORDER OF DISMISSAL**<br><br>Re: Dkt. Nos. 32, 33 |

On October 1, 2020, Plaintiff King filed this case against Defendant City and County of San Francisco. (Dkt. No. 1.) Plaintiff also moved to proceed *in forma pauperis* ("IFP Application"). (Dkt. No. 2.) On October 14, 2020, the Court granted Plaintiff's IFP Application. (Re: Dkt. No. 5.)

Defendant filed a motion to dismiss, and, on March 9, 2022, the undersigned granted the motion and ordered Plaintiff to file an amended complaint by April 25, 2022. (Dkt. No. 27.) On April 22, 2022, Plaintiff filed an administrative motion to continue the deadline for filing to May 30, 2022, because he required additional time to obtain responses to Freedom of Information requests from the San Francisco Department of Police Accountability in order to plead certain factual allegations. (Dkt. No. 28 at 2.) The Court granted Plaintiff's request and extended the deadline to file the amended complaint to May 31, 2022. (Dkt. No. 30 at 1.) In doing so, the undersigned informed Plaintiff that the documents requested were not necessary for amendment. *See id.* Additionally, Plaintiff was advised that no further extensions would be provided, and that the failure to timely file an amended complaint may result in the case being dismissed with prejudice for failure to prosecute. *Id.*

Despite these admonitions, on May 31, 2022, Plaintiff filed another administrative motion

for an extension of time to file his first amended complaint. (Pl.'s Mot., Dkt. No. 31.)  On June 3, 2022, Plaintiff's request was denied, and he was ordered to show cause by June 17, 2022, why this case should not be dismissed for failure to prosecute. (Dkt. No. 32 at 1.) Plaintiff was also ordered to file his first amended complaint by June 17, 2022. *Id.*  He was instructed that these must be filed as separate documents. *Id.*  Plaintiff was then cautioned that "**[t]he failure to both timely respond to this order to show cause and file the first amended complaint by June 17, 2022 will result in this case being dismissed with prejudice for failure to prosecute.**" *Id.* at 1-2 (all emphasis in original).

Plaintiff filed his untimely first amended complaint on June 18, 2022, and, to date, he has not responded to the order to show cause. (*See* First Am. Compl., Dkt. No. 33.)  Federal Rule of Civil Procedure 41(b) permits the involuntary dismissal of an action or claim for a plaintiff's failure to prosecute or comply with a court order. *See Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962) ("authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power'").  Unless otherwise stated, a dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

Plaintiff was granted numerous extensions to file his first amended complaint, including an additional extension after the undersigned told him there would be no more.  The court-ordered June 17, 2022 deadline was firm and final, and Plaintiff was advised that the failure to comply would result in the dismissal of his case with prejudice.  Despite this admonition, Plaintiff filed his amended complaint one day late and did not respond to the order to show cause.

Accordingly, and as previously forewarned, Plaintiff's failure to both timely file his amended complaint and respond to the order to show cause requires that this case be dismissed with prejudice for failure to prosecute.  The Clerk shall close the case.

IT IS SO ORDERED.

Dated: July 5, 2022

_____
KANDIS A. WESTMORE
United States Magistrate Judge